United States District Court
Southern District of Texas
**ENTERED**
July 24, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **XUAN DUC DUONG,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01207** |
| | § | |
| **RIO GRANDE DETENTION CENTER, *et al.*,** | § | |
| | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Pending before the Court is a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 brought by *pro se* Petitioner Xuan Duc Duong ("Petitioner"), (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). For the reasons stated below, Petitioner's petition is **DISMISSED WITHOUT PREJUDICE** as premature. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 12), is **DENIED** as moot.

Petitioner is a native and citizen of Vietnam who entered the United States on or about January 3, 2025. (Dkt. 1, Attach. 1; Dkt. 12 at 2.) Petitioner was apprehended shortly after entry and has remained detained since. (Dkt. 1 at 2.) He was initially subject to expedited removal, provided with a credible fear interview at which an immigration officer found he demonstrated a credible fear, served with a Notice to Appear, and placed in removal proceedings pursuant to 8 U.S. Code § 1229a. (Dkt. 12 at 2.) On February 19, 2026, Petitioner's applications for asylum and withholding of removal were denied and Petitioner was ordered removed to Vietnam. (Dkt. 12 at

2.) Petitioner did not appeal the Immigration Judge's decision, and the time allotted to appeal expired in March of 2026. (*See* Dkt. 12 at 2.)

Petitioner filed his petition for Writ of Habeas Corpus on July 6, 2026, alleging that he has been detained for an unreasonably prolonged period of time. (Dkt. 1 at 6–8.) Upon receipt of the petition, the Court ordered Respondents to file a response on or before July 14, 2026. (Dkt. 7.) Respondents filed a timely Response and Motion for Summary Judgment, (Dkt. 12). Respondents argue that Petitioner is lawfully detained under 8 U.S.C. § 1231 because his order of removal became administratively final when the time for filing an appeal elapsed and no appeal was filed. (Dkt. 12 at 3) (citing *Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021)).

Respondents correctly assert that Petitioner's detention is governed by 8 U.S.C. § 1231 because his removal order became administratively final in March of 2026. *See* 8 CFR § 1241.1(c). In *Zadvydas*, the Supreme Court recognized that "permitting indefinite detention of an alien would raise a serious constitutional problem" and that "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citation omitted). Thus, the Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. *Id.* at 699. Therefore, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* (citations omitted). The Supreme Court also determined that there is a presumptively reasonable period of six months of detention from the time that a removal order becomes final. *Id.* at 701.[1] After six months have elapsed, once a noncitizen provides "good reason to believe that there is no significant likelihood of removal in

---

[1] Courts, including this one, have understood the six-month presumption to be a period of 180 days which comports with DHS's post-removal custody review procedures. *See Sanchez v. Noem*, 2025 WL 3760317, at *8 (S.D. Tex. Nov. 14, 2025); 8 C.F.R. § 241.4(k)(2)(ii).

the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If the Government cannot offer sufficient rebuttal evidence once a habeas petitioner has made such a showing, then the court should grant the writ and order the habeas petitioner released under the *Zadvydas* framework. *See id.*; *but see Andrade v. Gonzales*, 459 F.3d 538, 543–44 (5th Cir. 2006) *cert. denied*, 549 U.S. 1132 (2007) (finding that the petitioner had failed to meet his initial burden when he offered "nothing beyond [his] conclusory statements").

Because Petitioner has been detained for less than six months since his removal order became final, Petitioner must overcome the presumption that his detention is lawful by demonstrating that his removal is not reasonably foreseeable. *See Zadvydas*, 533 U.S. at 699–701; *see also Sagastizado v. Noem*, 2025 WL 2957002, at *7 n.3 (S.D. Tex. Oct. 2, 2025) (concluding that the six-month period in Zadvydas is a rebuttable not preclusive presumption); *Villanueva v. Tate*, 801 F. Supp. 3d 689, 702 (S.D. Tex. 2025) (same). Petitioner has failed to submit sufficient evidence showing that his removal is not reasonably foreseeable to meet this higher standard. Because he has not overcome the presumption, Petitioner's arguments that his detention has become unconstitutionally prolonged are premature given that he has been detained for around four months since his removal order became final.

## CONCLUSION

Accordingly, Petitioner's petition is **DISMISSED WITHOUT PREJUDICE** as premature. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 12), is **DENIED** as moot.

The Clerk of Court is hereby **DIRECTED** to **TERMINATE** the case and all pending motions. Petitioner is advised that he may re-file his petition if he remains in custody and he can establish that his detention has become unconstitutionally prolonged under *Zadvydas*.

Finally, the Clerk of Court is **DIRECTED** to mail a copy of this Order to Petitioner by any receipted means at the following address:

**Xuan Duc Duong**
**A# 221389945**
**Rio Grande Processing Center**
**1001 San Rio Boulevard**
**Laredo, TX 78046**

IT IS SO ORDERED.

SIGNED this July 24, 2026.

Diana Saldaña
United States District Judge